**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

EDWIN MARSHAUN ELKINS,

Plaintiff,

v.

MARION POLICE DEPARTMENT, et al.,

Defendants.

CASE NO. 1:26-CV-149-HAB-ALT

**<u>OPINION AND ORDER</u>**

Pro se Plaintiff Edwin Marshaun Elkins ("Elkins") has filed a complaint against the Marion Police Department, the Grant County Sherriff's Departments, and several officers from each law enforcement agency. (ECF 1). He alleges they violated his constitutional rights through their actions in several criminal and family law cases against him. (*Id.*). Along with his complaint, Elkins filed a motion for leave to proceed in forma pauperis. (ECF 2). Shortly thereafter, Elkins also moved for an emergency stay of the proceedings until a pending criminal case against him in Grant County gets resolved. (ECF 3).

Under 28 U.S.C. § 1915, the Court "may authorize the commencement [of an action] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[1] While this is not a Bankruptcy case,

---

[1] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

Elkins and his spouse are both unemployed with no income and no assets. (ECF 2). The couple lives in a building owned by Elkins's dad and Elkins's mom pays all their bills. (*Id.*). Based on this information, Elkins financially qualifies to proceed in forma pauperis.

But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that complaint must still meet these minimal standards before the Court may grant a self-represented plaintiff leave to proceed *in forma pauperis*. Because Elkins's complaint lacks detail and contains multiple, unrelated claims involving different defendants, it does not comply with the Federal Rules of Civil Procedure. The complaint also includes claims that this Court may not be able to adjudicate. Therefore, to avoid dismissal of this lawsuit, Elkins will need to submit an amended complaint that corrects the deficiencies identified below.

Many of Elkins's claims appear to rise out of cases that are ongoing. If true, then the Court would be barred from hearing them under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). That case, and the doctrine that flows from it, bars plaintiffs from bringing civil actions in federal court to collaterally attack state court criminal judgments against them unless

the prosecution has been terminated in their favor. *Id.* This applies to both convictions with pending appeals and ongoing prosecutions. *See McDonough v. Smith*, 588 U.S. 109, 118–19 (noting that malicious prosecution claims cannot be brought while a trial is ongoing because the favorable termination requirement has not yet been met). This would doom claims related to any ongoing case Elkins is facing.

Elkins does state that a pair of cases against him related to compulsory school attendance have been resolved in his favor. Claims arising out of these cases may not be barred by *Heck*. But Elkins has not provided the Court with sufficient information to discern the status of those cases. While Elkins's complaint references several criminal and family cases, only one of them includes a case number. (ECF 1). A search for that lone case number does not return any results. And a search for state cases under Elkins's name returns more cases than he mentions with several variations of his name. Search Results for Edwin Elkins, MYCASE, https://public.courts.in.gov/mycase (follow "Name" tab; then search last name field for "Elkins" and search first name field for "Edwin"). It would not be appropriate for the Court to guess which cases Elkins is talking about in his complaint.

Beyond the *Heck* issues, Elkins' complaint mentions many events without providing any dates or specific facts that would allow the Court to determine whether they are properly brought in the same suit. Nor can the Court determine in all instances which defendant(s) out of the 14 named Elkins alleges caused the constitutional injury. Generally, unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. FED. R. CIV. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.' ") (quoted cite

omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits....").

Simply put, Elkins's complaint has not given the Court enough information to discern whether he states claims for which relief can be granted and whether the claims are permissible in the same suit. To fix this, the Court grants Elkins leave to file an amended complaint. Elkins may file his amended complaint on or before **June 1, 2026**. Should Elkins file an amended complaint in this matter, the complaint must clearly explain the basis for the Court's jurisdiction, as well as the timeframe, facts, and legal basis for his claims; that is the who, what, when, where, how, and why behind his allegations. If he is referencing state court proceedings, he should include case numbers for those proceedings. Plaintiff should only include related claims in his amended complaint and should file separate actions for unrelated claims against different defendants. **If Plaintiff fails to file an amended complaint by the deadline, this action will be dismissed for failure to abide by a court order pursuant to Fed. R. Civ. P. 41(b).**

Elkins's "Emergience Motion for Stay of Proceedings" [sic] (ECF 3) is DENIED. Elkins's Motion for Leave to Proceed in Forma Pauperis (ECF 2) remains under advisement pending the filing of an Amended Complaint.

**SO ORDERED** on April 30, 2026.

4

s/ *Holly A. Brady*

CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT