**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

EDWIN MARSHAUN ELKINS,

      Plaintiff,

          v.                                                        CASE NO. 1:26-CV-149-HAB-ALT

MARION POLICE DEPARTMENT, et al.,

      Defendants.

## OPINION AND ORDER

Pro se Plaintiff Edwin Marshaun Elkins ("Elkins") filed his initial complaint against the Marion Police Department, the Grant County Sheriff's Department, and several officers from each law enforcement agency on March 27, 2026 (ECF No. 1), along with a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a), (ECF No. 2). Shortly thereafter, Elkins moved for an emergency stay of the proceedings until a pending criminal case against him in Grant County is resolved. (ECF No. 3).

The Court screened Elkins's complaint under 28 U.S.C. § 1915(e)(2)(B), which directs courts to dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In an Order issued on April 30, 2026, the Court found that Elkins's Complaint lacked sufficient detail and contained multiple, unrelated claims involving different defendants. (ECF No. 4). It also noted that many of Elkins's claims appeared to arise from related criminal cases cases— if true, those claims would be barred under the Supreme Court's decision in *Heck v. Humphrey*,

512 U.S. 477 (1994). For these reasons, the Court directed Elkins to file an amended complaint correcting these deficiencies by June 1, 2026.

On May 1, 2026, Elkins filed his first amended complaint. (ECF No. 5). On May 29, 2026, Elkins filed a second amended complaint. (ECF No. 6). Because the Court's prior Order directed Elkins to file an amended complaint by June 1, 2026, the Court assumes the second amended complaint is the operative complaint.

In the second amended complaint, Elkins names only two defendants: the City of Marion Police Department and the Grant County Sheriff Department. He also appears to narrow the claims in the lawsuit to center solely on events related to an affidavit, search, and related Franks hearing. This resolves the Court's prior concern about multiple, unrelated claims involving different defendants. However, the Court identifies a separate concern.

In his earlier Motion for Stay of Proceedings, Elkins referenced a related, unresolved state criminal case in Grant County. (ECF No. 3).[1] He explained that he "allege[s] a coordinated conspiracy [w]here the April 2nd raid (based on a fraudulent affidavit) was used to facilitate the April 4th foreclosure and illegal seizure of [his] home." *Id.* He requested that this Court stay all proceedings in this civil action until that case is resolved.

The allegations contained in the second amended complaint appear to be about the "fraudulent affidavit" referenced in the Motion for Stay. Elkins describes statements made at a Franks hearing on February 12, 2026, contrasting them with statements made in an affidavit. He

---

[1] The ongoing Grant Superior Court case appears to be *State of Indiana v. Edwin Marshaun Elkins*, 27D01-2404-F4-000016. It is currently set for trial on July 20, 2026.

also specifically includes allegations related to April 2, 2024 surveillance conducted in connection with the affidavit.

It appears clear to the Court that this civil case arises out of Elkins's state-court criminal case. The Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) directs that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010).

Further, Elkins could have a secondary problem if a conviction results in his current case. Pursuant to the Supreme Court's decision *Heck v. Humphrey,* 512 U.S. 477 (1994), to the extent that a determination on any of Elkins's constitutional claims would necessarily imply the invalidity of the state-court conviction, such a claim would be barred.  For now, however, because Elkins's related state-court criminal case is ongoing, this Court must abstain from proceeding in this civil case. Accordingly, the Court will stay and administratively close Elkins's case at this time. Within 30 days after the conclusion of Elkins's state criminal proceedings, he may file a motion with this Court, asking to reopen the case and lift the stay. If he does not move to lift the stay within 30 days of the final resolution of his criminal case, the stay will be converted to a dismissal without prejudice.

For the above-stated reasons, the Court:

(1) STAYS this case pending the outcome of Elkins's state criminal proceedings, including any appeal or collateral review proceedings;

(2) DIRECTS Elkins to notify the Court within 30 days after the conclusion of his state criminal proceedings;

(3) CAUTIONS him that if he does not do so, the stay will be converted to a dismissal without prejudice; and

(4) DIRECTS the Clerk to administratively close this case.

**SO ORDERED** this 30th day of June 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT